Judgment rendered September 22, 2021.
Application for rehearing may be filed
within the delay allowed by Art. 922,
La. C. Cr. P.

No. 54,050-KA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

STATE OF LOUISIANA                    Appellee

versus

THOMAS LEDBETTER                    Appellant

* * * * *

Appealed from the
First Judicial District Court for the
Parish of Caddo, Louisiana
Trial Court No. 360,355

Honorable Charles Gordon Tutt, Judge

* * * * *

LOUISIANA APPELLATE PROJECT          Counsel for Appellant
By: Sherry Watters

JAMES E. STEWART, SR.                Counsel for Appellee
District Attorney

TOMMY JAN JOHNSON
BRITTANY V. ARVIE
Assistant District Attorneys

* * * * *

Before THOMPSON, ROBINSON, and HUNTER, JJ.

**THOMPSON, J.**

Thomas Ledbetter appeals his conviction of residential contractor fraud and subsequent sentence, alleging a fatal deficiency in the bill of information charging him because it lacked a required statement of the grade of the offense. The state acknowledges this deficiency in the bill of information, which rendered the evidence insufficient to support Ledbetter's conviction. For the following reasons, we reverse Ledbetter's conviction and vacate his sentence.

## FACTS

As the parties agree that the bill of information charging Thomas Ledbetter ("Ledbetter") is fatally deficient and his resulting conviction must be reversed, the facts of this matter will be presented in summary. Ledbetter was hired by Michael Shaw ("Shaw") to build a shop for Shaw's business and do some improvements on his home. After a meeting in April 2018, the two verbally agreed that Ledbetter would: (1) fix a front porch on Shaw's house; (2) build a rear porch on Shaw's house; and (3) build a metal shop on a concrete slab for Shaw to use for his mechanic business. Shaw and Ledbetter agreed that Shaw would pay for the materials, and as partial payment for the labor, Shaw would fix Ledbetter's truck. This was the extent of the agreement. Things went poorly from this point.

Ledbetter quoted Shaw a price for labor of $8 per square foot for the 28 feet by 28 feet shop. In addition, the cost for the shop materials would be $6,272 and the cost for the concrete slab would be $3,920. Ledbetter also quoted Shaw $4,300 for the back porch and roof and said he would do the front porch for free in exchange for Shaw fixing his truck. The price for

materials totaled $14,492 and Ledbetter required $9,000 to begin the project, which Shaw paid.

What ensued was a series of text messages between Ledbetter and Shaw regarding the purchase of the materials and delivery to Shaw's property. A death in Ledbetter's family resulted in him having someone else do some work on Shaw's project, which was substandard. Shaw requested Ledbetter alter the order in which the project would be completed. Ledbetter requested Shaw pay for additional materials. Weather and other delays further strained the relationship between Shaw and Ledbetter, which was exacerbated by Shaw's belief that he should not pay in advance for labor yet to be performed by Ledbetter.

When Shaw did not respond to Ledbetter's repeated request for payment for labor, a heated argument on this matter ensued, and the police were contacted and responded. Ledbetter complained that he had not been paid for any of his labor and no work had been done on his truck. The officers who responded stated that it was a civil matter and allowed Ledbetter to remove some of the metal from the shop and take it with him. Ledbetter was not allowed back on the property. Shaw's complaints ultimately resulted in Ledbetter being charged, tried and convicted of residential contractor fraud. This appeal followed.

**DISCUSSION**

Ledbetter has asserted one assignment of error with five subparts as detailed below.

**Assignment of Error Number One: The State failed to prove beyond a reasonable doubt that Thomas Ledbetter committed residential contractor fraud.**

2

**A. The bill of information did not state a value to establish the grade of the offense, requiring reversal.**

**B. Where the defendant was hired to build a mechanics shop for the property owner to conduct his mechanics business, the element of the job being "residential construction" was not proven; the jury was not given the proper legal definition.**

**C. The value of the mechanics shop construction does not meet the legal level to require a license**

**D. There was no written contract and no meeting of the minds as to terms so there was no valid contract.**

**E. A dispute over time and money in which the property owner, not the contractor, stops the construction, is insufficient to establish fraud or misappropriation. Criminal fraud requires an intent to take unearned money. Where the property owner received goods, labor and service after a contractor actively attempts completion of the agreement, as he understood it, there is no criminal fraud.**

While Ledbetter details multiple subparts to his single assignment of error, addressing the error patent embodied in the deficiencies contained in the bill of information failing to designate the grade of the offense charged pretermits any consideration of the other errors asserted. In accordance with La. C.Cr.P. art. 920, all appeals are reviewed for errors patent on the face of the record. After reviewing the record, we find there is an error patent that requires we reverse Ledbetter's conviction and that his sentence be set aside.

La. R.S. 14:202.1 provides in pertinent part:

A. Residential contractor fraud is the misappropriation or intentional taking of anything of value which belongs to another, either without the consent of the other to the misappropriation or taking, or by means of fraudulent conduct, practices, or representations by a person who has contracted to perform any home improvement or residential construction, or who has subcontracted for the performance of any home improvement or residential construction. A misappropriation or intentional taking may be inferred when a person does any of the following:

(1) Fails to perform any work during a forty-five-day period of time or longer after receiving payment, unless a longer period is specified in the contract.

(2) Uses, or causes an agent or employee to use, any deception, false pretense, or false promise to cause any person to enter into a contract for home improvements or residential construction.

(3) Damages the property of any person with the intent to induce that person to enter into a contract for home improvements or residential construction.

(4) Knowingly makes a material misrepresentation of fact in any application for a permit required by state, municipal, or parochial law.

(5) Knowingly makes a material misrepresentation of fact in any lien placed upon the property at issue.

(6) Fails to possess the required license for home improvements or residential construction required by applicable state, municipal, or parochial statute.

(7) Knowingly employs a subcontractor who does not possess the required license by applicable state, municipal, or parochial statute.

B. For purposes of this Section, "home improvement or residential construction" means any alteration, repair, modification, construction, or other improvement to any immovable or movable property primarily designed or used as a residence or to any structure within the residence or upon the land adjacent to the residence.

The designation of the various grades of violation of La. R.S.

14:202.1 and the corresponding penalties resulting therefore from are

found in:

C. (1) When the misappropriation or intentional taking amounts to a value of less than one thousand dollars, the offender shall be imprisoned for not more than six months, fined not more than one thousand dollars, or both. If the offender in such cases has been convicted of theft two or more times previously, then upon conviction the offender shall be imprisoned, with or without hard labor, for not more than two years, or fined not more than two thousand dollars.

(2) When the misappropriation or intentional taking amounts to a value of one thousand dollars or more,

4

but less than five thousand dollars, the offender shall be imprisoned, with or without hard labor, for not more than five years, or may be fined not more than three thousand dollars, or both.

(3) When the misappropriation or intentional taking amounts to a value of five thousand dollars or more but less than twenty-five thousand dollars, the offender shall be imprisoned, with or without hard labor, for not more than ten years, or may be fined not more than ten thousand dollars, or both.

(4) When the misappropriation or intentional taking amounts to a value of twenty-five thousand dollars or more, the offender shall be imprisoned at hard labor for not more than twenty years, or may be fined not more than fifty thousand dollars, or both.

(5) In determining the amount of the misappropriation or intentional taking, the court shall include the cost of repairing work fraudulently performed by the contractor and the cost of completing work for which the contractor was paid but did not complete.

D. In addition to the penalties provided by the provisions of this Section, a person convicted of residential contractor fraud shall be ordered to make full restitution to the victim and any other person who has suffered a financial loss as a result of the offense. For the purposes of this Subsection, restitution to the victim shall include the cost of repairing work fraudulently performed by the contractor and the cost of completing work for which the contractor was paid but did not complete.

Accordingly, the penalty for a violation of La. R.S. 14:202.1 is determined, at least in part, based on the total amount misappropriated. Specifically designating the grade of the alleged offense is a necessity. The bill of information against Ledbetter did not specify under which section of the statute he was charged. Discussion during trial of values generally, and even the jury returning a verdict finding Ledbetter was guilty of residential contractor fraud in a specific amount, does not remedy the defect. The parties in this matter are correct in reaching the same conclusion that the bill of information must properly charge the defendant with a specific grade of

5

the offense and because Ledbetter was not so specifically charged, his conviction must be reversed and his corresponding sentence vacated.

We recognized that embedded in La. C.Cr.P. art. 470, there is no general requirement for value, price, or amount of damage to be alleged in the indictment. However, the value or amount of damage is required when the specific allegation is essential to the charge or in determining the grade of the offense. The bill of information filed on September 25, 2018, accused Ledbetter as follows:

> Thomas Ledbetter committed the offense of R.S. 14:202.1 – RESIDENTIAL CONTRATOR FRAUD in that HE:
> COUNT 1: committed the offense of RESIDENTIAL CONTRACTOR FRAUD when there was a value which belongs to another, either without the consent of the other to the misappropriation or taking, or by means of fraudulent conduct, practices, or representations by a person who has contracted to perform any home improvement or residential construction, or who has subcontracted for the performance of any home improvement or residential construction.

There is found nowhere in the bill of information any specific information regarding the value alleged to have been misappropriated or taken.

Considering the foregoing, we find the bill of information in this case is invalid as it does not state an amount or range which would allow the trier of fact to grade the offense. Accordingly, Ledbetter's conviction is reversed and his sentence set aside. All remaining subparts of Ledbetter's assignment of error are rendered moot by our decision and need not be addressed.

## CONCLUSION

For the foregoing reasons, the bill of information is deemed invalid and as a result the subsequent conviction is hereby reversed and his sentence is hereby set aside.

**REVERSED.**

6